GERMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1903.)

No. 1,109.

1. CRIMINAL LAW—INSTRUCTIONS—INTENT.

A charge in a criminal case, in which intent was an essential element of the offense charged, that such intent might be presumed from the doing of the wrongful or illegal act, and that such presumption cast the burden on the defendant to overcome it by evidence sufficiently strong to satisfy the jury beyond a reasonable doubt that there was no such guilty intent, is erroneous.

2. SAME—INSANITY.

An instruction in a criminal case is erroneous which places on the defendant the burden of proving the defense of insanity by a preponderance of the evidence, it being sufficient to prevent a conviction if, upon the whole evidence, the jury have a reasonable doubt of defendant's mental competency to distinguish between right and wrong, and to understand the nature of the act charged at the time of its commission.

In Error to the District Court of the United States for the Western District of Kentucky.

For opinion on motion for new trial, see 115 Fed. 987.

Augustus E. Willson, for plaintiff in error.

R. D. Hill, for the United States.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

PER CURIAM. Plaintiff in error was indicted and convicted of the offense of making certain false entries in the books of the Third National Bank of Louisville, Ky., while a clerk and accountant therein, in violation of section 5209 of the Revised Statutes [U. S. Comp. St. 1901, p. 3497], and was sentenced accordingly to a term of imprisonment. Upon the trial the court charged the jury that the intent to defraud or to deceive, which is made an element of the offense, may be presumed from the doing of the wrongful or illegal act, and such inference or presumption throws the burden of proof upon the defendant to do away with that presumption of guilty intent, and must be sufficiently strong to satisfy the jury beyond a reasonable doubt that there was no such guilty intent in the transaction. The charge upon this subject is identically the same as that under review in the case of McKnight v. U. S. (C. C. A.) 115 Fed. 972. For the reasons stated there, we think there was error in the charge in this respect.

There was testimony tending to show that the accused was insane, and therefore irresponsible, at the time of the commission of the offense. Upon the claim of insanity the court charged:

¶ 2. See Criminal Law, vol. 14, Cent. Dig. § 1286.

"His plea that at those times he was of unsound mind imposes upon him the burden of proving to your satisfaction and by a preponderance of the evidence that when he committed each of the offenses charged, if he did so at all, he was at such time of unsound mind; but nevertheless I say to you that you should not convict him upon any count unless the evidence satisfies you, to the exclusion of a reasonable doubt, that he was not of unsound mind when he made the entry described in any count of either indictment."

The decision in Davis v. U. S., 160 U. S. 469, 16 Sup. Ct. 353, 40 L. Ed. 499, settled the law for the federal courts upon this subject, and the jury cannot properly return a verdict of guilty, if upon the whole evidence, from whichever side it comes, there is reasonable doubt as to the mental competency of the accused to distinguish between right and wrong and to understand the nature of the act he is committing. The charge given imposes upon the defendant the burden of proving by a preponderance of the evidence that when he committed the offense, if he did so at all, he was at such time of unsound mind. This is erroneous, and the error is not cured by the subsequent instruction that the accused could not be convicted unless the evidence satisfied the jury to the exclusion of a reasonable doubt that he was not of unsound mind when he made the entries described in the indictment. In this state of the record the charge is at least misleading.

Judgment reversed, and cause remanded.